UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM GEORGE CLARK, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | NO. C16-1328-JPD <br><br><br><br> ORDER |

Plaintiff William George Clark, Jr. appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a 52-year-old man with a 10th-grade education. Administrative Record ("AR") at 221. His past work experience includes employment as a boat builder. *Id.* Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

was last gainfully employed in December 2008.  AR at 220.

On June 4, 2012, Plaintiff filed an application for DIB, alleging an onset date of December 22, 2009.  AR at 188-89.  Plaintiff asserts that he is disabled due to hand injuries, pigeon-toed feet, back problems, learning problems, hepatitis C, a hernia, and hearing problems.  AR at 220.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 95-97, 102-06.  Plaintiff requested a hearing, which took place on October 22, 2013.  AR at 29-66.  On November 13, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 12-22.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).

Plaintiff sought judicial review, and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further proceedings.  AR at 619-39.  The ALJ held another hearing on March 7, 2016 (AR at 536-56), and subsequently found Plaintiff not disabled.  AR at 514-29.  On August 23, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

ORDER - 2

Cir. 2005). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  EVALUATING DISABILITY

As the claimant, Mr. Clark bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At

ORDER - 3

step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g),

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On April 28, 2016, the ALJ found:

1. The claimant last met the insured status requirements of the Act on September 30, 2012.

2. The claimant did not engage in substantial gainful activity from September 15, 2010, through his date last insured ("DLI") of September 30, 2012.

3. Through the DLI, the claimant's mild degenerative disk disease, dysfunction of major joints, carpal tunnel syndrome, bilateral hearing loss, tinnitus, and chronic liver disease were severe impairments.

4. Through the DLI, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. Through the DLI, the claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except he can stand and/or walk for a total of four hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; occasionally climb ramps or stairs, but never ladders, ropes, or scaffolds; frequently balance, stoop, and kneel; frequently handle and finger; and should avoid concentrated exposure to extreme cold, excessive noise, excessive vibration, and workplace hazards such as dangerous machinery and unprotected heights.

6. Through the DLI, the claimant was unable to perform any past relevant work.

7. Through the DLI, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed.

8. The claimant was not under a disability, as defined in the Act, at any time from the alleged onset date through the DLI.

AR at 516-528.

ORDER - 5

VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred at step two;

2. Whether the ALJ erred in assessing medical opinion evidence; and

3. Whether the ALJ erred at step five.

Dkt. 11 at 1.

VII.   DISCUSSION

A.   <u>Any step-two error was harmless.</u>

Plaintiff argues that the ALJ erred in finding his congenital foot defects to be not severe at step two.  The Commissioner argues that the ALJ reasonably found Plaintiff's foot problems to be not severe, in light of his ability to perform medium work and his lack of treatment for this condition, and that even if the ALJ should have found the foot problems to be severe, any error is harmless because the ALJ credited an opinion that accounted for limitations caused by Plaintiff's foot problems.  Dkt. 15 at 3-4.

1.   *Legal standards*

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'"  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)).

//

ORDER - 6

### 2. *Any step-two error is harmless*

The ALJ noted that Plaintiff was born with feet defects and that he had undergone numerous surgeries to repair his feet. AR at 518. Although Plaintiff indicated that his feet had caused him trouble "all his life," Plaintiff had also been able to perform medium work and did not receive any treatment for his feet during the period at issue. *Id*. The ALJ relied on those circumstances to find that Plaintiff's foot condition was not severe. *Id*.

Plaintiff cites a State agency opinion as evidence that the ALJ erred in finding that Plaintiff's foot condition did not cause any significant impact on his ability to perform work activities, because the medical consultant found that he was limited to standing/walking four hours per day. *See* AR at 87. But the ALJ credited that opinion and accounted for those limitations in the RFC assessment. AR at 519, 524. Accordingly, even if the State agency opinion would support a finding of severity at step two, it does not show harmful error in the ALJ's decision because the ALJ's decision is consistent with the opinion.

Plaintiff nonetheless argues that a step-two error is harmful because his foot condition required him to frequently change position, as indicated by an occupational therapist and affirmed by a treating physician, and the ALJ did not include this limitation in the RFC assessment. Dkt. 16 at 2 (referencing AR at 454). But the evidence cited by Plaintiff does not establish that his purported need to change position was caused by his foot condition, because the occupational therapist did not mention any foot condition and the examination she performed considered only his upper-extremity diagnoses. *See* AR at 441, 454. The ALJ noted as much. AR at 525. Accordingly, Plaintiff has not shown that his foot condition caused any limitations that were not included in the RFC assessment, and thus has not shown that the purported error is harmful. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list impairment as severe at step two harmless where limitations considered at step four).

ORDER - 7

B.    <u>The ALJ did not err in assessing the medical evidence.</u>

Plaintiff argues that the ALJ erred in assessing medical opinion evidence related to his ability to use his hands/wrists, as well as his need to change positions.

1.    *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining

ORDER - 8

1 physician only by providing specific and legitimate reasons that are supported by the record.
2 *Bayliss,* 427 F.3d at 1216.

3       An ALJ may also consider lay-witness sources, such as testimony by nurse practitioners,
4 physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses,
5 parents, siblings, and friends.  *See* 20 C.F.R. § 404.1513(d).  Such testimony regarding a
6 claimant's symptoms or how an impairment affects his/her ability to work is competent
7 evidence, and cannot be disregarded without comment.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19
8 (9th Cir. 1993).  If an ALJ chooses to discount testimony of a lay witness, he must provide
9 "reasons that are germane to each witness," and may not simply categorically discredit the
10 testimony.  *Dodrill,* 12 F.3d at 919.

11       2.      *Hand/ wrist limitations*

12       Examining therapist Elizabeth L. Spencer Steffa performed an upper-extremity physical
13 capacities evaluation in January 2010.  AR at 441-87.  Ms. Spencer Steffa indicated that
14 Plaintiff could perform handling, fingering and grasping at the frequent to continuous level, but
15 that he could not perform repetitive (defined as 30 specific motions per hour) hand activities or
16 wrist motions.  AR at 453.

17       The ALJ gave some weight to Ms. Spencer Steffa's opinion, but found that her opinion
18 was internally inconsistent, because she found that Plaintiff could perform frequent to
19 continuous handling, fingering, and grasping, and yet could not perform 30 specific hand or
20 wrist motions per hour.  AR at 524.  The ALJ found her opinion regarding frequent-to-
21 continuous handling, fingering, and grasping to be consistent with the examination testing, as
22 well as Plaintiff's activities.  AR at 524.  The ALJ also noted that Ms. Spencer Steffa's opinion
23 was rendered nine months prior to Plaintiff's alleged onset of disability, and only 4-5 months
24 after Plaintiff underwent elbow/wrist surgery, and that Plaintiff had no treatment for right

ORDER - 9

upper extremity issues during the period at issue. *Id*. The ALJ also noted that Ms. Spencer Steffa's opinion regarding repetitive motions was inconsistent with Plaintiff's reported ability to perform gardening tasks. AR at 525. Accordingly, the ALJ limited Plaintiff to frequent handling and fingering, but did not limit him to performing less than 30 hand/wrist motions per hour. AR at 519.

Plaintiff disputes whether Ms. Spencer Steffa's opinion is internally inconsistent: he claims that "the only reasonable interpretation" of the opinion is that Plaintiff can "perform handling[,] fingering and grasping throughout an eight hour work day provided that it did not consist of repetitive motions of more than 30 per hour." Dkt. 11 at 8. But this interpretation does not explain how a person could handle, finger, or grasp continuously, yet not perform more than 30 motions per hour. The Court cannot find that the ALJ's interpretation of Ms. Spencer Steffa's opinion is unreasonable, and internal inconsistency is a germane reason to discount a medical opinion. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

Furthermore, the ALJ found that Ms. Spencer Steffa's opinion regarding repetitive motions was inconsistent with Plaintiff's reported ability to garden. Plaintiff contends that there is no evidence that his gardening activities required more than 30 hand/wrist actions per hour (Dkt. 16 at 3), but the Court finds that the ALJ's finding is based on a reasonable inference from the record. *See* AR at 576-77 (Plaintiff's testimony describing his vegetable garden). This is another germane reason to discount Ms. Spencer Steffa's opinion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Lastly, the ALJ noted that Ms. Spencer Steffa's opinion was rendered before the alleged onset of disability, and only a few months after Plaintiff's elbow/wrist surgery. AR at

ORDER - 10

524. The pre-onset timing of Ms. Spencer Steffa's opinion is a germane reason to discount it. *See Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Although Plaintiff argues that his treating physician indicated in February 2010 (one month after Ms. Spencer Steffa's examination) that his handling and lifting restrictions were permanent, the treatment note cited does not specifically indicate this. Dkt. 11 at 8 (citing AR at 376). On February 3, 2010, treating physician Todd Havener, M.D., indicated that he concurred with Ms. Spencer Steffa's findings and also agreed that the jobs reviewed by Ms. Spencer Steffa were "not appropriate jobs for [Plaintiff] on a permanent basis, given the hand[l]ing and the lifting requirements." AR at 376. This is not equivalent to a finding that Plaintiff's handling requirements are permanent. Even if Plaintiff's handling restrictions were permanent by February 2010, Ms. Spencer Steffa indicated that Plaintiff could nonetheless perform frequent to continuous handling, and the ALJ's RFC assessment is more restrictive than the opinion in this respect. *See* AR at 519 (restricting Plaintiff to frequent handling).

Accordingly, Plaintiff has not demonstrated error in the ALJ's assessment of his hand/wrist limitations.[3]

3. *Need to change positions*

Plaintiff argues that the ALJ erred in discounting Ms. Spencer Steffa's indication that he would need to frequently change positions between standing, walking, and sitting. *See* AR at 454. But for the reasons explained *supra*, the ALJ did not err in discounting this opinion.

---

[3] Plaintiff argues that if the ALJ found an inconsistency in Ms. Spencer Steffa's opinion, that finding created a duty to further develop the record. Dkt. 11 at 10. Plaintiff's argument is not persuasive, because the record is not ambiguous or inadequate. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The existence of an internally inconsistent medical opinion does not necessarily trigger the ALJ's duty to develop the record. *See, e.g., Morgan*, 169 F.3d at 603; *Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628 (9th Cir. Sep. 20, 2011); *Brumfield v. Astrue*, 281 Fed. Appx. 681, 683 (9th Cir. Jun. 2, 2008).

ORDER - 11

As explained above, Ms. Spencer Steffa examined only Plaintiff's upper extremities, and thus her opinion that Plaintiff must alternate between standing, walking, and sitting lacked an evidentiary basis. *See* AR at 525. To the extent that Dr. Havener concurred in Ms. Spencer Steffa's opinion, he also only treated Plaintiff's upper extremity concerns and noted that any limitations related to Plaintiff's lower extremities would require further examination. *See* AR at 375. Accordingly, the ALJ did not err in rejecting the opinion that Plaintiff would require the ability to change positions between sitting, standing, and walking. AR at 525.

C. <u>Plaintiff has not identified a step-five error.</u>

Plaintiff reiterates arguments made elsewhere in challenging the ALJ's step-five findings. *See* Dkt. 11 at 11-12. Although Plaintiff argues that the ALJ erred in finding that he could perform jobs that were not consistent with opinions that he needed to frequently change positions and could not perform more than 30 wrist motions per hour, the Court found that the ALJ properly discounted those opinions, for reasons explained *supra*. Accordingly, Plaintiff has not shown error in the ALJ's step-five findings. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VIII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 4th day of April, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge